Robert Tauler (SBN 241964)
Tauler Smith LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
(310) 590-3927
rtauler@taulersmith.com

Kalman Magyar, Esq  *(pro hac vice forthcoming)*
Magyar, Bogle & O'Hara LLP
300 International Drive, Suite 100
Williamsville, NY 14221
(647) 300 6163
kalman@mbollp.com

Attorneys for Plaintiff
ALAN J. COHEN; SEXUBRA, LLC, and
THERMOLIFE INTERNATIONAL, LLC,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ALAN J. COHEN; SEXUBRA, LLC, and THERMOLIFE INTERNATIONAL, LLC, | Case No. 2:16-cv-02269 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| EVEREST NUTRITION CORP., | |
| Defendant | **JURY TRIAL DEMANDED** |

Plaintiffs Alan J. Cohen, Sexubra, LLC, and Thermolife International, LLC (collectively "Plaintiffs") hereby allege for their Complaint against Everest Nutrition Corp. ("Defendant"), on personal knowledge as to their own activities and on information and belief as to the activities of others, as follows:

## I.     THE PARTIES

1. Plaintiff Alan J. Cohen is the inventor of U.S. Patent No. 5,897,864 ("the '864 Patent"), the original assignee and owner of the '864 Patent prior to Sexubra, LLC, the inventor of the '864 Patent, and a non-exclusive licensee of the '864 Patent.

2. Plaintiff Sexubra, LLC is a limited liability company organized and existing under the laws of California with a place of business in Berkeley, California, the former assignee and owner of the '864 Patent, and a non-exclusive licensee of the '864 Patent.

3. Plaintiff ThermoLife International, LLC is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291, and the owner and assignee of the '864 Patent.

4. The '864 patent is also referred to herein as the "patent in suit."

5. Defendant is a company organized and existing under the laws of Delaware with a principal place of business at 501 Silverside Road, Suite 105 in Wilmington, Delaware, 19809.

## II.    JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

8. This Court has personal jurisdiction over Defendant. By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), makes, manufactures, ships, distributes, advertises,

markets, offers for sale, and/or sells dietary supplement products that infringe on one or more claims of the patent in suit (hereinafter the "accused products"), which include without limitation products sold under the "Zenerx" brand name, in the United States, the State of California, and the Central District of California.

9. By way of further example and without limitation, Defendant has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Central District of California, and the products are actually purchased in the Central District of California.

### III. THE DEFENDANT'S INFRINGEMENTS

10. Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Central District of California, by virtue of the fact that Defendant has formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continues to do so.

11. End-users of Defendant's accused products are direct infringers of one or more claims of the patent in suit.

12. End-users of Defendant's accused products have taken, used, and orally administered the accused products.

13. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendant to include a certain ingredient that, by virtue of its inclusion in the products, infringe one or more claims of the patent in suit. The ingredient at issue is "Ginkgo Biloba."

14. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendant to include Ginkgo for certain purposes that, because of their inclusion in the products for such purposes, infringe one or more claims of the patent in suit, and as a result, when end-users of Defendant's accused products orally administer the accused products, they are practicing the methods disclosed in those claims.

15. Such purposes include without limitation those set forth in the Initial Infringement Review found within Exhibit A hereto.

16. Defendant's labels and advertising for the accused products explain the elements and essential elements of one or more of the methods disclosed in the patent in suit, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

17. Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of the '864 Patent, and has in fact urged them to do so.

18. The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods of the patent in suit, that do not infringe upon such methods.

19. The inclusion of Gingko in the products is material to practicing such methods.

20. Defendant has knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users to purchase and orally administer the accused products to practice such methods, and has done so in the past.

21. Defendant has intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes of practicing the claimed methods, by having them orally ingest the compounds disclosed in such claims.

22. Defendant has knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of the patent in suit.

23. Defendant has direct, firsthand knowledge of the patent in suit, in that Plaintiff ThermoLife International, LLC provided written notice to Defendant in April

2015, through the law firm of BakerHostetler, detailing the alleged infringement, which communication was ignored by Defendant. A copy of that communication is attached hereto as Exhibit A.

24. Defendant has brazenly and willfully decided to infringe the patent in suit despite knowledge of the patent's existence and its knowledge of the accused products' infringements of the patent.

25. Defendant has not ceased its own contributory infringement or inducement of infringement by end-users, despite its knowledge of the patent in suit and the end-users' infringing activities with respect to the patent in suit.

## IV.   FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,897,864

26. Plaintiffs repeat and re-allege the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Defendant has in the past and still is literally infringing or infringing under the doctrine of equivalents one or more claims of the patent in suit by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

28. End-users of Defendant's accused products are direct infringers of one or more claims of the patent in suit.

29. End-users of Defendant's accused products have taken, used, and orally administered the accused products.

30. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include Ginkgo that, by virtue of its inclusion in the products, infringe one or more claims of the patent in suit.

31. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include Ginkgo for purposes that, by their inclusion in the products for such purposes, infringe one or more

claims of the patent in suit, and as a result, when end-users of Defendant's accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

32. Such purposes include without limitation those set forth in the Initial Infringement Review set forth herein as Exhibit A.

33. Defendant's labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in the patent in suit, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

34. Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of the patent in suit, and has in fact urged them to do so.

35. The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

36. The inclusion of these specific infringing ingredients in the products is material to practicing such methods.

37. Defendant has knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

38. Defendant has intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of the patent in suit by having them orally ingest the compounds disclosed in such claims.

39. Defendant has knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of the patent in suit.

40. Defendant also has direct, firsthand knowledge of the patent in suit.

41. Defendant's activities have been without express or implied license by Plaintiff.

42. As a result of Defendant's acts of infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

43. As a result of Defendant's acts of infringement, Plaintiffs have been and will continue to be irreparably harmed by Defendant's infringements, which will continue unless Defendant is enjoined by this Court.

44. The application for the patent in suit and claims there are substantially identical to the issued patent in suit and claims therein, warranting pre-patent issuance damages in favor of Plaintiff.

45. Defendant's past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment against Defendant as follows:

1. A declaration that Defendant has infringed the patent in suit, under 35 U.S.C. §§ 271 *et seq.*;

2. That preliminary and permanent injunctions be issued restraining Defendant, its officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the patent in suit;

3. That Defendant be required to provide to Plaintiffs an accounting of all gains, profits, and advantages derived by Defendant's infringement of the patent in suit,

and that Plaintiffs be awarded damages adequate to compensate Plaintiffs for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

4. That the damages awarded to Plaintiffs with regard to the patent in suit be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

5. That this case be declared to be exceptional in favor of Plaintiffs under 35 U.S.C. § 285, and that Plaintiffs be awarded their reasonable attorneys' fees and other expenses incurred in connection with this action;

6. That Plaintiffs be awarded their interest and costs of suit incurred in this action;

7. That Plaintiffs be awarded compensatory damages;

8. That Plaintiffs be awarded pre-patent issuance damages;

9. That Plaintiffs be awarded punitive damages; and

10. That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

DATED: April 1, 2016                    TAULER SMITH LLP


By: ___/s/ Robert Tauler_____
Robert Tauler, Esq.
ALAN J. COHEN; SEXUBRA, LLC, and
THERMOLIFE INTERNATIONAL, LLC,

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial for all issues in this case that properly are subject to a jury trial.

DATED: April 1, 2016    TAULER SMITH LLP

By: ___/s/ Robert Tauler_____
Robert Tauler, Esq.
ALAN J. COHEN; SEXUBRA, LLC, and
THERMOLIFE INTERNATIONAL, LLC,